**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
BARRY DAVIS,

|  |  |
|---|---|
| Plaintiff, | **AMENDED COMPLAINT** **FOR DISCRIMINATION** 16-CV-06279 |
| -against- | Jury Trial: x Yes No |

MOUNT SINAI HOSPITAL,
SAINT LUKE'S ROOSEVELT HOSPITAL,

Defendants.
--------------------------------------------------------x

This action is brought for discrimination in employment pursuant to:

Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 12203a, §§ 2003a and 2000e and 29 U.S.C. §§ 621– 634 as codified; New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status);

Title 29 CFR § 825 (Employees are eligible for leave if they have worked for their employer at least 12 months, at least 1,250 hours over the past 12 months, and work at a location where the company employs 50 or more employees within 75 miles. Whether an employee has worked the minimum 1,250 hours of service is determined according to FLSA principles for determining compensable hours or work.)

New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status)

I.    **Parties in this Complaint:**

Plaintiff: Barry Davis,

Address: 1167 Fox Street, Apt. 2, Bronx, New York 10459

Defendants: Mount Sinai Hospital, 1468 Madison Avenue, New York, NY 10029; Saint Luke's Roosevelt Hospital, 1111 Amsterdam Avenue, New York, NY 10025

A.    The address at which Plaintiff sought employment or was employed by the defendants, is 1190 Fifth Avenue, New York, NY

**AS FOR A FIRST CAUSE OF ACTION**
**SYSTEMIC DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN**

1. That from the period of about March 2013, through the present, (hereinafter at all times relevant") the Defendants, Mount Sinai Hospital and Saint Luke's Roosevelt Hospital through its agents, repeatedly subjected the Plaintiff to a pattern and practice of systemic discrimination based on his race and national origin in that Plaintiff, an Afro-American, was repeatedly denied promotions without just cause; often denied his weekly pay without just cause; verbally abused by his immediate supervisor, David Diaz, on a consistent basis; consistently reprimanded without just cause; constantly harassed and humiliated in the presence of co-workers, staff and patients; repeatedly denied time off pursuant to the Family Medical Leave Act for the illnesses and later deaths of the Plaintiff's parents in 2014, and 2015. Moreover, the Plaintiff was demoted from the position of hospital house cleaner after satisfactorily performing this position for nearly eight years to street cleaner without just cause or any explanation; constantly threatened with dismissal; constantly instructed to wear certain clothes to work in his new position while Latino and other non-Afro-American employees were permitted to wear hospital clothing items which Mr. Davis was restricted from wearing without just cause; and repeatedly denied raises in pay for nearly ten years. Plaintiff was also placed on an indeterminate leave without pay without just cause under the pretext that he was being suspended for wearing a blue work jacket that most of the other street and indoor housekeepers wear while working in December of 2015; denied vacation pay without just cause; constantly denied promotions without just cause and in spite of nearly sixteen years of satisfactory service to the Defendants; often had his weekly pay delayed without

just cause; frequently verbally abused in the presence of co-workers, other staff, and patients; consistently reprimanded without just cause; and ultimately discharged without just cause.

2. Defendants, Mount Sinai/St. Luke's Roosevelt Hospital, also subjected the Plaintiff Barry Davis, to a hostile work environment and retaliation on a consistent basis in that the Plaintiff was constantly yelled at and called inappropriate names in the presence of co-workers, other hospital staff and patients; persistently verbally demeaned and ridiculed; constantly threatened with dismissal and/or suspension without just cause; and frequently instructed to perform additional work which was initially delegated to his Latino co-workers; and often directed to perform unnecessary work thirty minutes before quitting time without just cause.

3. That Plaintiff's evaluations had been satisfactory while employed as a house cleaner and the Plaintiff also received several accommodations throughout his employ from staff and patients, and was considered a valued member of the Defendants' staff. However, once David Diaz became the Plaintiff's supervisor, the Plaintiff began receiving negative evaluations contrary to what his work performance revealed.

4. Defendants also consistently denied Plaintiff, protection from harassment and violence in the workplace by allowing his Latino supervisor, David Diaz to consistently verbally harassed, demean and threatened him with discharge, suspension and reprimand while the Plaintiff was at work and performing his duties and tasks in a satisfactory manner as a house cleaner and later, a street cleaner; to constantly make derogatory comments about the Plaintiff's physical appearance; to repeatedly make threatening stares at the Plaintiff while in hallways at Saint Luke's Roosevelt Hospital without

justification and in violation of the Plaintiff's state and federal civil rights. Moreover, the derogatory comments made about the Plaintiff were made in the presence of other employees, supervisors, patients, and the general public while the Plaintiff was legally present and performing his duties and tasks as a street cleaner and house cleaner prior to his demotion to street cleaner.

5. Although the Plaintiff repeatedly complained to the Human Resources Department, administrators, and his union regarding the pattern and practice of discrimination and disparate treatment he had been subjected based on his race and national origin, Defendants repeatedly failed to investigate the Plaintiff's claims of race and national origin discrimination, retaliation and a hostile work environment while entertaining unsubstantiated claims against the Plaintiff by his immediate supervisor regarding the Plaintiff wearing a hospital jacket from the emergency room which Latino employees performing the same tasks as the Plaintiff in the same area as the Plaintiff were permitted to wear. As a result, the Plaintiff began to feel uncomfortable and anxious about coming to work and about his future with Defendants as well as about any promotions, and his position of street cleaner.

6. That Plaintiff had been consistently treated different than his Latino counter-parts by Defendants in that the Plaintiff and other non-Latino employees were repeatedly denied proper vacation time; proper vacation pay; and were constantly harassed by David Diaz. Moreover, the Plaintiff was repeatedly denied the opportunity to apply for open advanced positions even though his Latino co-workers were offered the same positions which Mr. Davis was qualified to fill. Moreover, Mr. Davis was denied time off to visit his extremely ill parents even though he had the time to take and his Latino co-workers

were not denied vacation of Family Medical Leave time off; and Mr. Davis was instructed to wear specific clothes while working even though his Latino co-workers were allowed to wear whatever they wanted to wear while working in the same areas as Mr. Davis and performing the same duties and tasks as Mr. Davis.

7.   That the Plaintiff was told that he was demoted to street cleaner because he had a few missing front teeth which he had lost due to complications from his diabetes and could not at the time get the time off to get his teeth replaced.

8.   That the Plaintiff had been reprimanded for his work performance even though he never had any complaints prior to his current supervisor, David Diaz, taking over in about January of 2014.

9.   That the Plaintiff's co-workers never had any complaints about the Plaintiff and worked well with him throughout his nearly sixteen years of employ with Defendant, Saint Luke's Roosevelt Hospital.

10. The Plaintiff's complaints of a pattern and practice of discrimination and disparate treatment, and national origin and race discrimination to the Defendants' Human Resources Department and other administrators were all ignored. As a result, the Plaintiff began to feel alienated, distraught, anxious, nervous, uncomfortable and unwelcome at his place of employment.

11. That after making several unanswered complaints regarding his being denied employment opportunities, proper pay, vacation time, Family Medical Leave time and a hostile work environment due to his race and national origin, the Plaintiff determined that Defendants considered him expendable and began to worry that his employment with Defendants would soon end and end quickly

12. That the Plaintiff also informed the Defendants' administrators that he was feeling concerned and stressful about the manner in which Defendants were handling his requests for proper pay, Family Medical Leave, race and national origin discrimination, vacation time and about the failure to advise him of other advanced employment opportunities. Moreover, Plaintiff advised that he was still being subjected to constant verbal abuse, constant race and national origin discrimination, retaliation as well as a hostile work environment, but Defendants declined to protect the Plaintiff from these violations of his civil rights. As a result, the Plaintiff filed a claim with the EEOC in or about late December of 2015.

13. That Plaintiff, prior to filing his EEOC charge, frequently complained about the systemic race and national origin discrimination, disparate treatment, retaliation, verbal abuse, denial of promotions, Family Medical Leave, vacations, and hostile work environment to which he was constantly subjected while employed by Defendants, but to no avail. Moreover, Plaintiff initially believed that the Human Resources Office or other administrators of the Defendants would assist him to end the race and national origin discrimination, failure to promote, denial of Family Medical Leave, and hostile work environment to which he was being subjected, especially since he had received several accommodations from clients and other supervisors, however, Defendants failed to assist or to protect him. Furthermore, employees of Defendants Human Resources Department became very hostile themselves while failing to address or investigate the Plaintiff's claims of verbal abuse; race and national origin discrimination; disparate treatment; the failure to allow the Plaintiff to take vacation time and receive vacation pay; and Family Medical Leave time; and the denial of promotions by his supervisor and other staff at his

site. Additionally, Defendants' HR Officers began to act in very aggressive manners towards the Plaintiff after the Plaintiff filed several complaints regarding his being subjected to constant race and national origin discrimination, disparate treatment, retaliation and a hostile work environment.

14.   That throughout the period in question, the Plaintiff was required to perform his duties without the proper time off for vacation; proper vacation pay; and often times without the proper supplies in spite of the fact that his Latino co-workers persistently received their proper pay and vacation time and vacation pay.

15.   That the Plaintiff was caused to feel anxious, uncomfortable, nervous, and afraid to come to work on a constant basis. Moreover, the Plaintiff has been subjected to uncomfortable stares by his supervisor, David Diaz which has caused the Plaintiff to feel anxious, nervous, afraid, unsure about his future with the Defendants, and uncomfortable at his place of employment.

16.   That had Defendants protected the Plaintiff from the race and national origin discrimination, retaliation and hostile work environment, violation of the Family Medical Leave Act and the denial of promotions to which he was constantly subjected the Plaintiff would not have been caused to work without the proper supplies; would not have been subjected to the constant verbal abuse to which he has been subjected by his supervisor and other employees; would not have been denied the proper Family Medical Leave, vacation time, vacation pay; promotions or denied the proper pay, employment opportunities to which he was subjected for a period of two consecutive years.

17.   That the Plaintiff apprised the administrative officers and the Human Resources Department of Defendants of his being subjected to a pattern and practice of race and

national origin discrimination; violation of the Family Medical Leave Ac;, the denial of promotions; and thus, employment opportunities, retaliation and hostile work environment on several occasions, but to no avail.

18. That after waiting nearly two years of continuously being persistently subjected to race and national origin discrimination, disparate treatment, retaliation, and a hostile work environment, the denial of vacation time and the Family Medical Leave act, and after realizing that the systemic discrimination and hostility would not end unless he took action with an outside source, Plaintiff filed a second EEOC charge in or about December of 2015, and received a right to sue on or about May 11th, 2016.

19. That Plaintiff was consistently subjected to a hostile work environment by his supervisor and other administrators as well as the Human Resources Department without just cause and based on his race, national origin, and in retaliation of his filing his complaint with the EEOC and Human Resources Department of Defendants on various occasions in 2013, 2014, and 2015, regarding the race, national origin discrimination, denial of his vacation time and request for Family Medical Leave, and promotions, and hostile work environment to which he was consistently subjected by his former supervisor.

20. That Plaintiff was not given any explanation for the denials of the promotions which were available to him nor with regard to his not receiving proper vacation time, Family Medical Leave, or timely pay. However, Plaintiff had been performing the duties of house cleaner and street cleaner satisfactory for the past two years and has over fifteen years of employ and experience with the Defendants.

21. That in early 2014, the Plaintiff filed a claim with the Defendants' Human

Resources Department regarding his failure to receive timely pay as well as vacation pay and time as well as regarding his being subjected to a hostile work environment, and retaliation but to no avail. Thereafter, the Plaintiff was repeatedly informed that his supervisor had filed complaints about him in spite of the fact that the Plaintiff had previously filed complaints with Human Resources about his supervisor's constant discrimination and hostility towards him along with his supervisor's verbal abuse, and that these actions were increasingly becoming harmful to him.

22.   That Plaintiff was constantly advised that he was not welcome in areas outside of his assigned place of work and that his Latino supervisor was unhappy about the fact that he had filed a discrimination claim against him.

23.   That although the Plaintiff filed various complaints about his supervisor's failing to allow him to take time off for Family Medical Leave, vacations, treating him different than Latino employees were treated, the Plaintiff's complaints were ignored, and, thus denied. Such failure to investigate the Plaintiff's claims of discrimination, retaliation, violation of the Family Medical Leave act, denial of vacation time, denial of timely pay, and a hostile work environment are in violation of federal and state law.

24.   That Plaintiff resides in the City of New York, County of the Bronx and State of New York.

25.   That at all times relevant, the Defendants, Saint Luke's Roosevelt Hospital and Mount Sinai Hospital, were businesses duly licensed to conduct business in the City and State of New York.

26.    That at all times relevant, the Plaintiff was employed as a house cleaner and street cleaner at Defendants' 1111 Amsterdam Avenue location in New York in NYC, NY.

27.    That the Plaintiff was constantly subjected to systemic race and national origin discrimination, denial of the Family Medical Leave Act, retaliation, and a hostile work environment from about March of 2013, through the present, in violation of 42 USC § 2000-e; 29 CFR 825; NYS Human Rights Law N.Y. Exec. Law §§ 290 to 297; and NYC Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131.

28.    That Defendants were aware that the Plaintiff has been consistently subjected to race and national origin discrimination, retaliation, denial of the Family Medical Leave Act, and a hostile work environment since about March of 2013, and should have protected him from these unlawful actions, but failed to protect him in violation of 42 USC § 2000-e; 29 CFR 825; and NYS Human Rights Law N.Y. Exec. Law §§ 290 to 297; and NYC Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131.

29.    That the Plaintiff filed a complaint with regard to the race and national origin discrimination, violation of the Family Medical Leave Act, retaliation and hostile work environment to which he has been subjected, with the Defendants Human Resources Department on several occasions, but to no avail. The Plaintiff's supervisor as well as the Human Resources Department and other administrators continued to subject the Plaintiff to race and national origin discrimination, the denial of his vacation time, promotions, the denial of his request for Family Medical Leave, repeated insults, verbal abuse, retaliation and other hostility which has left the Plaintiff, feeling that his tenure with Defendants was

terminated without just cause and that he was unable to withstand the hostility, he will ultimately quit.

30.   That Defendants continued to allow the Plaintiff to be subjected to race and national origin discrimination as well as repeated insults, verbal and physical abuse, other hostility and retaliation as a result of the Plaintiff complaining about being subjected to race and national origin discrimination which started in about March of 2013, and has continued to date.

31.   That Plaintiff complained about the race and national origin discrimination, denial of his requests for Family Medical Leave act, and hostile work environment he has constantly been subjected to in an effort to end this inappropriate work place behaviour and to improve the workings conditions at his place of employment, but to no avail.

32.   That as a result of the Plaintiff filing a complaint with the EEOC in late December of 2015, Defendants, through its agents, retaliated again against the Plaintiff by discharging him and denying him proper pay.

33.   That as a result of the Defendants' continuous ignorance regarding the systemic race and national origin discrimination, denial of his requests for Family Medical Leave, retaliation and hostile work environment to which the Plaintiff has been consistently subjected, the Plaintiff has become afraid, discouraged and disheartened about coming to work and interacting with his Caucasian subordinates as well as with the staff of the Defendants' Human Resources Department.

34.   That as a result, the Plaintiff has begun to feel anxious about coming to work and insecure about his future with the Defendants.

35.   That as a result of the violations of the Plaintiff's civil rights and his being subjected to race and national origin discrimination, violation of the Family Medical Leave Act and a hostile work environment are all valid claim of systemic race and national origin discrimination, retaliation and a hostile work environment and are all in violation of the Plaintiff's state and federal civil rights.

36.   That the Defendants failed to adhere to its own practice and policies regarding discrimination in the work place in that it has failed to protect the Plaintiff from a pattern and practice of race and national origin discrimination, retaliation, violations of the Family Medical Leave act, and a hostile work environment in his work place.

37.   That Plaintiff had been employed by the Defendants for over fifteen years and has only received one promotion and one pay raise during this time in spite of many accommodations from patients and other employees. This lack of employment opportunity has caused the Plaintiff emotional and financial harm which may be permanent in nature.

38.   That by the reason of the foregoing and the negligence of the Defendants with regard to the hiring and retention of the Plaintiff's Latino supervisor and various employees of said Defendant's Human Resources Department, the Plaintiff has suffered and will more likely continue to suffer serious emotional and economic harm and damage to no fault of the Plaintiff.

39.   That from about March 2013, through the present, the Defendants have continuously subjected the Plaintiff to a pattern and practice of race and national origin discrimination, denials of his requests for Family Medical Leave, retaliation and hostile work environment in that the Defendants have caused the Plaintiff to constantly be

subjected to a late pay while paying Latino employees timely; has caused the Plaintiff to be denied proper vacation time; has caused the Plaintiff to be denied the proper promotions; and has caused the Plaintiff to be subjected to verbal abuse without protection on a constant basis at his place of employment all without the proper protection.

40.    That by reason of the foregoing the Plaintiff did suffer and will more likely continue to suffer serious financial and emotional harm and damage due to no fault of the Plaintiff.

41.    That the Plaintiff believes that he will likely be constructively discharged by the Defendant, without good cause.

## AS FOR THE SECOND CAUSE OF ACTION
## RETALIATION THOUGH A HOSTILE WORK ENVIRONMENT

42.    That Plaintiff repeats and realleges all of the allegations set forth in paragraphs one through thirty-seven realleges each and every allegation set forth above as though more fully set forth herein.

43.    That at all times relevant, the Plaintiff was consistently subjected to a hostile work environment in violation of 42 U.S.C. §§ 2000e to 2000e-17; 29 CFR § 825; NYC Administrative Code §§ 8-101(1), 107 New York State Human Rights Law, N.Y. Exec. Law §§ 290 to; 297 by agents of Defendants, Saint Luke's Roosevelt Hospital and Mount Sinai Hospital, while lawfully present and performing work relative to his employment as a house cleaner and later, street cleaner, and within the scope of his employment for Defendants in that the Plaintiff, has been consistently subjected to intolerable working conditions by constantly being denied the proper supplies, staff, and materials as well as other resources to operate his shop; subjected to having his Caucasian subordinates

constantly refuse to carry out his instructions; and by having his staff constantly changed without notice and without just cause. Plaintiff has also been constantly subjected to intimidating stares; verbal and physical abuse, such as pushing and bumping; and other insults by his Caucasian subordinates and other employees while the Plaintiff was lawfully present at his place of employment.

44. That Plaintiff has also constantly been accused of being incompetent by his hostile Caucasian subordinates without just cause.

**AS FOR A THIRD CAUSE OF ACTION**
**RETALIATION THROUGH DISCRIMINATORY PRACTICES**

45. That Plaintiff repeats and realleges all of the allegations set forth in paragraphs one through forty and realleges each and every allegation set forth above as though more fully set forth herein.

46. That at all times relevant, the Plaintiff has been consistently subjected to retaliation based on complaints made by the Plaintiff regarding the systemic race and national origin discrimination and a hostile work environment in violation of the Civil Rights Act of 1964 and 42 USC § 2000e by Defendants, Saint Luke's Roosevelt Hospital and Mount Sinai Hospital, in violation of NYC Administrative code §§ 8-101(1), 107 New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 in that the Plaintiff has consistently been denied the same vacation time as his Latino co-workers; denied the opportunity to wear the same work clothes as his Latino co-workers; denied the same employment opportunities, such as promotions, as his Latino co-workers; consistently been denied the proper supplies in order to perform his tasks as his Latino counter-parts have received; and has constantly been denied the same vacation leave as his Latino counter-parts all without just cause and in violation of state and federal law, and while

performing work relative to his employment as a street cleaner and house cleaner at Defendants' 41111 Amsterdam Avenue location in NYC, NY. Plaintiff was also consistently subjected to unwanted and inappropriate hostile threats, stares and physical threats of abuse while his Latino counter-parts were not.

47.   Plaintiff has been denied protection against these unlawful actions and was forced to work with a supervisor who subjected him to race and national origin discrimination, disparate treatment, retaliation and a hostile work environment at the Defendants, Saint Luke's Hospital's 1111 Amsterdam Avenue, New York, NY location.

48.   That an officer from the Defendants' Human Resources Department failed to investigate the Plaintiff's claims of verbal abuse while constantly advising the Plaintiff that his he was not entitled to wear the same clothing that his Latino co-workers were permitted to wear. Moreover, the Human Resources Department failed to address the Plaintiff's complaints about being subjected to race and national origin discrimination; denials of his requests for Family Medical Leave; denials of promotions; and failure to pay him timely. These actions resulted in the Plaintiff feeling unwanted by and insecure about his future with the Defendants. These actions are also in violation of 42 USC § 2000-e; 29 CFR § 825; NYC Administrative code §§ 8-101(1), 107 New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, the Civil Rights Act of 1964 and 42 USC§ 2000-e., N.Y. City Admin. Code §§ 8-101 to 131.

49.   That as a result of the foregoing, and the negligence of the Defendants through its agents and employees, the Plaintiff has been unlawfully denied employment opportunities, and has been consistently subjected to unequal treatment in violation of his state and federal civil rights.

50. That Plaintiff has been unable to obtain any further promotions since before March of 2013.

51. That Plaintiff has also suffered serious emotional and economic loss and inconvenience all to Plaintiff's great detriment and to no fault of the Plaintiff.

52. That by reason of the foregoing, Plaintiff is entitled to recover damages for all non-economic and all economic loss sustained.

53. That by reason of the foregoing and the negligence of the Defendants, and their agents, and, employees, Plaintiff has sustained serious emotional injuries and damages in an amount in excess of the monetary jurisdictional limits of any administrative court which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

54. That at all times relevant, it was the duty of the Defendants, Saint Luke's Hospital and Mount Sinai Hospital, to initiate and enforce rules, and training that prohibit inappropriate activities and behaviours by its servants, agents, employees and/or personnel of a hospital administering care to and open to and catering to the general public in the course and within the scope of employment for said Defendants that would protect the Plaintiff from being subjected to retaliation based on the Plaintiff complaining about the disparate treatment to which he has been subjected based on his race and national origin and a hostile work environment at his place of employment on a consistent basis without good cause.

55. That at all times relevant, it was the duty of the Defendants, Saint Luke's Hospital and Mount Sinai Hospital , to select and screen for hiring and for retention as employees of a hospital caring for and open, and catering  to the general public, those

who are fit, suitable, properly trained and instructed, and do not constitute a potential menace, hazard or danger to the public or fellow employees and those with unsuitable propensities as well as those with emotional, physical, psychological and/or psychological traits or characteristics or unsuitable or contradicted for such employment in an effort to protect the Plaintiff from being subjected to retaliation based on the Plaintiff complaining about his being subjected to systemic race and national origin discrimination and harassment; a hostile work environment at his place of employment.

56. That by reason of the negligence of the said Defendants, Saint Luke's Roosevelt Hospital and Mount Sinai Hospital, in the hiring, improper monitoring, supervision, and retention of various employees of said Defendants' Human Resources Department, the Plaintiff's subordinates, and other employees, and being knowingly or expectantly unsuitable, incompetent and unfit to act and serve and unfit to continue to act and serve as employees of a hospital caring for, catering to and serving, and open to the general public, the Plaintiff has been caused to suffer emotional injuries and damages, without fault or want of care on the part of the Plaintiff in any way contributing thereto, thereby causing him extreme mental, and emotional illness, anguish, and distress as well as severe emotional injuries that may be permanent in nature and duration.

57. That by reason of the foregoing and the negligence of the Defendants, Saint Luke's Roosevelt Hospital and Mount Sinai Hospital, and their agents and employees, Plaintiff sustained damages in the amount in excess of the monetary jurisdictional limits of any administrative court which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

58. That by reason of the negligence of the said Defendants, Saint Luke's Roosevelt Hospital and Mount Sinai Hospital, in the hiring, improper monitoring, supervision, and retention of various employees of said Defendants' Human Resources Department, the Plaintiff's subordinates and other employees who have regular contact with the Plaintiff, with the knowledge of their being unsuitable, incompetent and unfit to act and serve and unfit to continue to act and serve as employees of a hospital caring for, catering to, serving and open to the general public, the Plaintiff was caused to suffer emotional injuries and damages, without fault or want of care on the part of the Plaintiff in any way contributing thereto, thereby causing him extreme mental, and emotional illness, anguish, and distress as well as severe emotional injuries that may be permanent in nature and duration.

58. That by reason of the foregoing, Plaintiff sustained serious injuries and damages in the amount in excess of the monetary jurisdictional limits of any administrative court which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

59. That by reason of the foregoing and the negligence of the Defendants, Plaintiff sustained serious emotional and economic damage which may be permanent in nature.

60. That from the period of in or about March 2013, through the present (hereinafter at all times relevant") Defendants, Saint Luke's Roosevelt Hospital and Mount Sinai Hospital, through its agents, repeatedly subjected the Plaintiff to retaliatory discrimination in that Plaintiff, while an employee at Saint Luke's Roosevelt Hospital's 1111 Amsterdam Avenue site and, as a result of the Plaintiff complaining about being subjected to systemic race and national origin discrimination in that the Plaintiff was

repeatedly denied vacation time and Family Medical Leave time; repeatedly denied payment on a timely basis; repeatedly denied promotions; repeatedly verbally abused; repeatedly denied the same benefits as his Latino co-workers; and repeatedly subjected to hostile stares; repeatedly directed to perform the duties of Latino employees; and repeatedly shunned.

61. Plaintiff also has been consistently required to work overtime without receiving the pay that his Latino counter-parts have received.

62. Defendants ultimately discharged the Plaintiff based on the Plaintiff's race and national origin.

63. Defendants have also failed to follow their own policy regarding discrimination and a hostile work environment even after the Plaintiff complained to Defendants' Human Resources Department on various occasions regarding the manner in which his supervsior, David Diaz was treating him in comparison to the Latino employees.

64. That Defendants also failed to investigate the verbal and physical abuse to which the Plaintiff had been repeatedly subjected by his Latino supervisor as well as other staff.

65. Although Plaintiff requested Defendants investigate his claims of hostile work environment, and a pattern and practice of race and national origin discrimination, Defendants have repeatedly declined.

66. Defendants' also failed to investigate Plaintiff's claim of retaliation which begin only after the Plaintiff complained of being treated different based on his race and national origin by his supervisor, David Diaz.

67. Although the Plaintiff repeatedly complained about the disparate treatment,

Defendants have failed to investigate the Plaintiff's claims. As a result, the Plaintiff has began to feel uncomfortable, discouraged and anxious about coming to work.

68. That Plaintiff was also treated unfairly in that after the Plaintiff filed his claims of a pattern and practice of race and national origin discrimination, Plaintiff's Latino supervisor repeatedly informed him that he was becoming increasingly dissatisfied with his complaints and work performance without just cause.

69. That after making several unanswered verbal complaints regarding the Plaintiff being subjected to systemic race and national origin discrimination and a hostile work environment, and after being repeatedly subjected to verbal and repeated insults, Plaintiff filed a claim with the US EEOC in or about December of 2015.

70. That the Plaintiff repeatedly informed the Defendants' administrators that he had been feeling overly anxious, discouraged, concerned about working with his current supervisors and that it was very stressful, but to no avail. Accordingly, the Defendants are aware that the Plaintiff was concerned about his future with Defendants and was fearful of losing his job or title.

71. That Plaintiff frequently complained of the change in the manner in which he was being treated as well as the retaliatory discrimination and hostile work environment to which he is constantly subjected while employed by Defendants, but to no avail. Plaintiff initially believed that the Defendants' EEO/Human Resource Office or administrators would investigate his claims and the disparate treatment would end. However, Defendants failed to protect the Plaintiff from race and national origin discrimination, retaliation and a hostile work environment. In fact, the Plaintiff's Caucasian subordinates became more hostile and spoke to the Plaintiff in very aggressive

manners after the Plaintiff filed complaints regarding the systemic race and national origin discrimination, a hostile work environment and retaliation to which he is being subjected.

72.   That the Plaintiff has also ordered to complete the tasks of other employees' while performing his own as a result of the Plaintiff complaints about his being treated different due to his race and national origin and his prior complaints about the systemic discrimination to which he has been subjected.

73. That the Plaintiff has been caused to feel anxious, scared, uncomfortable, nervous, and reluctant about coming to come to work. Moreover, the Plaintiff has been subjected to uncomfortable stares causing him to feel anxious, nervous, afraid and uncomfortable at his place of employment.

74.   That had Defendants protected the Plaintiff from the retaliatory discrimination and hostile work environment to which he has been constantly subjected, the Plaintiff would not have been caused to file an EEOC charge or be subjected to such severe hostility.

75.    That the Plaintiff apprised the administrative officers of Saint Luke's Roosevelt Hospital about his being subjected to a change in the manner in which he was treated after he had repeatedly complained about his being treated different based on his race and national origin, and about his being subjected to a hostile work environment, but to no avail.

76.    That after waiting several months after his still not receiving the proper pay, breaks, supplies and staff, Plaintiff filed a complaint of discrimination with the EEOC in 2015.

77.    That Plaintiff has consistently been denied employment opportunities by Defendants without good cause and based on his race and national origin and has been consistently subjected to a hostile work environment and retaliation.

78.    That Plaintiff was told that the denial of his proper pay was due to the fact that the other Shop Leads had received the same pay as he is receiving. However, the Caucasian Shop Leads receive several dollars more per hour than the Plaintiff. Moreover, even though the Plaintiff has performed his duties, the duties of many of his subordinates and others on various occasions, the Plaintiff has not been promoted nor offered any opportunity for a promotion.

79.    These actions and the actions of other Saint Luke's Roosevelt Hospital employees which occurred after the Plaintiff filed his initial complaints about disparate treatment by his supervisor, David Diaz, and other employees of the Defendants Human Resources Department violates 42 USC § 2000-e; NYS Human Rights Law N.Y. Exec. Law §§ 290 to 297; and NYC Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131.

80.    That the Plaintiff was constantly subjected to retaliatory discrimination and a hostile work environment from about May 2013, through the present and in violation of 42 USC §§ 2000e; NYS Human Rights Law N.Y. Exec. Law §§ 290 to 297; and NYC Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131.

81.    That Defendants are aware that the Plaintiff has been subjected to retaliatory discrimination as the Plaintiff repeatedly complained about his being directed to perform the tasks of his subordinates; not receiving the proper staff, supplies and materials for his shop; of constantly being verbally and physically abused; constantly insulted; and

constantly subjected to hostile stares. Accordingly, Defendants failed to protect the Plaintiff from these unlawful actions in violation of 42 USC §§ 2000e; NYS Human Rights Law N.Y. Exec. Law §§ 290 to 297; and NYC Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131.

82.    That the Plaintiff filed several complaints with Defendants regarding the retaliatory discrimination, unfair treatment and hostile work environment he was being subjected, by his subordinates, Human Resources and other employees as a result of his complaints of discrimination and a hostile work environment. However, these employees have continued to subject the Plaintiff to retaliatory discrimination.

83.    That Plaintiff complained about the retaliatory discrimination and hostile work environment he has constantly been subjected to in an effort to end this inappropriate work place behaviour and to improve the workings conditions at his place of employment, but to no avail.

84.    That as a result of the Defendants' continual ignorance regarding the retaliatory discrimination and hostile work environment to which the Plaintiff has been consistently subjected while at his place of employment, the Plaintiff has become afraid, discouraged, anxious, uncertain about his future with Defendants and disheartened about coming to work and interacting with members of the shop to which his is assigned.

85.    That the reasons given for the Plaintiff's denial of his timely pay, vacation, Family Medical Leave, promotions were pretext.

86.    That Defendants failed to adhere to their policy regarding retaliation, hostility and discrimination in the work place as it failed to protect the Plaintiff from retaliatory discrimination and a hostile work environment in his work place.

87. That Plaintiff has been employed for almost sixteen years by the Defendants and his failure to receive proper pay, proper vacations and vacation pay, and promotions has resulted in the Plaintiff experiencing serious economic harm and severe emotional distress and damage which may be permanent in nature.

88. That by the reason of the foregoing and the negligence of the Defendants, Saint Luke's Roosevelt Hospital and Mount Sinai Hospital, with regard to the hiring and retention of the Plaintiff's Latino supervisor and various employees of said Defendants' Human Resources Department, and other administrators, the Plaintiff suffered and will more likely continue to suffer serious emotional and economic harm and damage.

89. That from May 2013, through the present, the Defendants have continuously caused the Plaintiff to be subjected to retaliatory discrimination and hostile work environment in that the Defendants caused the Plaintiff to constantly be subjected to verbal abuse, insults, hostile stares and improper denials of vacation and Family Medical Leave as well as emotional abuse.

90. That by reason of the foregoing the Plaintiff did suffer and will more likely continue to suffer serious financial and emotional harm and damage due to no fault of the Plaintiff.

91. That the Plaintiff was purposefully denied promotions and timely payment for his title of street cleaner as well as proper vacation time and Family Medical Leave Acts without good cause and the reason given by the Defendants for these actions was pretextual.

92. That by reason of the foregoing, Plaintiff is entitled to recover damages for all non-economic and all economic loss sustained.

93.   That by reason of the foregoing and the negligence of the Defendants, Saint Luke's Roosevelt Hospital and Mount Sinai Hospital, and their agents and employees, Plaintiff has sustained serious emotional injuries and damages in an amount in excess of the monetary jurisdictional limits of any administrative court which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

94.    That the acts of the Defendant and its agents have been so outrageous punitive damages are due up to and including attorneys' fees and costs.

## AS FOR THE FOURTH CAUSE OF ACTION FRAUD

95. Plaintiff repeats and realleges all of the allegations set forth above in paragraphs one through ninety-four as though more fully set forth herein.

96. That Defendants through their agents committed or were complicit in fraudulent behavior by giving the Plaintiff's payroll check dated December 24, 2015, to someone other than the Plaintiff's and without the Plaintiff's consent or knowledge; by allowing this person to deposit this check into an account with a company named 257 Sheridan Corp. which is affiliated with the Defendants which account is not held by nor opened by the Plaintiff; and by allowing this company to cash this check as well as many other payroll checks without taking out any state or federal taxes, thus placing the plaintiff and other employees in danger of being charged with tax fraud and paying back taxes on their payroll checks. Defendants also allowed someone other than the Plaintiff to present fraudulent identification purporting to be the Plaintiff's to receive and cash said check of December 24th, 2015, from their payroll officer without the Plaintiff's consent or knowledge.

97. That even though the Plaintiff had repeatedly inquired about this check from December 2015, through July 2016, Defendants failed to inform him that this check had already been received by someone other than the Plaintiff, and had been deposited into an account of a company named 257 Sheridan Corp. which is not the Plaintiff all without the Plaintiff's knowledge or consent. Moreover, the Plaintiff was never informed that no taxes were going to be taken out of his payroll checks throughout his nearly sixteen years of employ with the Defendants.

98. That by committing such intentional and deliberate acts, designed to defraud the Plaintiff, the bank where the checks were deposited, and possibly bank investors, the Defendants the acts of the Defendants are such that punitive damages are warranted in an amount to be determined by the court.

99. That the acts of the Defendants are such that punitive damages are warranted in an amount to be determined by the court.

A.  The discriminatory conduct of which is complained in this action includes:

> X  Race and national origin discrimination,
>
> X   Retaliation,
>
> X Hostile Work Environment,
>
> X Denial of Family Medical Leave

It is Plaintiff's best recollection that the alleged discriminatory acts occurred: from 03/01/13; through the present.

B. Plaintiff believes that Defendants are still committing the acts of race, fraud and national origin discrimination as well as retaliation and a hostile work environment against him.

C. Defendants discriminated against the Plaintiff based on:

X Race and national origin, discriminatory retaliation and Hostile Work Environment

**WHEREFORE**, Plaintiff demands actual and punitive judgment against the Defendants, the amount sought on each Cause of Action exceeding the monetary jurisdictional limits of any and all administrative courts which would otherwise have jurisdiction, in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of the initial incident.

Dated: New York, New York
      August 15, 2016

                                   Yours, etc.,

                                   /s/ Antoinette M. Wooten, Esq. AMW 0814
                                     The Wooten Legal consulting, PC